FILED

**NOT FOR PUBLICATION**

OCT 21 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIANA PIO,<br><br>               Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 12-71487<br><br>Agency No. A096-361-993<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Juliana Pio, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of her motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the agency's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen to apply our decisions in *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009) and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). *See Wakkary*, 558 F.3d at 1065 (even under disfavored group analysis, petitioner must present some evidence of individualized risk).

Further, the BIA did not abuse its discretion in denying Pio's motion to reopen, because Pio failed to establish materially changed circumstances in Indonesia to qualify for an exception to the time limitations for a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89 (evidence must be "qualitatively different" to warrant reopening).

**PETITION FOR REVIEW DENIED.**

12-71487